SUMMARY ORDER

Petitioner Suraj Shrestha, a native and citizen of Nepal, seeks review of the August 19, 2008 order of the BIA affirming the October 28, 2006 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb pre-termitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Suraj Shrestha, No. A079 718 403 (B.I.A. Aug. 19, 2008), aff'g No. A079 718 403 (Immig. Ct. N.Y. City Oct. 23, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the I J’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both opinions for the sake of completeness. Wangchuck v. Dep’t of Homeland Sec., 448 F.3d 524, 528 (2d Cir.2006). We review de novo questions of law and the application of law to undisputed fact. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). We review the agency’s *112 factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007).
As a preliminary matter, we find it unnecessary to determine whether we have jurisdiction to review the agency’s preter-mission of Shrestha’s asylum claim. See 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006). Rather, we review directly the IJ’s alternative finding that, even if Shrestha had been statutorily eligible to apply for asylum, he would not have carried his burden of proof.
Substantial evidence supports the agency’s conclusion that Shrestha’s fear of persecution in Nepal was not well-founded. See Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 149 (2d Cir.2003) (providing “that on substantial evidence review, we will ‘reverse [the BIA] only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner’s burden’ ” (citation omitted)). The agency found little evidence that Maoist rebels would seek to harm Shrestha based on them unsuccessful forced conscription of his father in 2002, particularly when Shrestha had not lived in Nepal since 1998. The agency also noted that he had not alleged that he experienced any harm while living in Nepal, and that his testimony suggested that he could relocate to India as his family had done. Given these findings, Shrestha does not persuasively argue that the agency erred in concluding that he did not establish a “discernable” chance of persecution. Moussa Diallo v. INS, 232 F.3d 279, 284 (2d Cir.2000); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (concluding that, absent “solid support in the record,” petitioner’s fear of persecution was “speculative at best”). Therefore, we find no reason to disturb the agency’s denial of asylum in the alternative.
Because all of Shrestha’s claims for relief were predicated on the same factual basis, and because withholding of removal and CAT relief have greater burdens of proof than does asylum, it follows that substantial evidence also supports the agency’s denial of those claims. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).